ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED

AUG 31 2011

CLERK, US DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> HUNTINGTON INGALLS INCORPORATED, FORMERLY NORTHROP GRUMMAN SHIPBUILDING, INC., <br><br> and <br><br> QUALITY COATINGS OF VIRGINIA, INC., <br><br> Defendant. | CIVIL ACTION NO. 2:11cv490 <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Brian Glover and Walter Strickland, who were adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that defendants Huntington Ingalls Incorporated formerly Northrop Grumman Shipbuilding, Inc., and Quality Coatings of Virginia, Inc. (hereafter sometimes collectively "Defendants"), discriminated against Brian Glover and Walter Strickland by discharging them in retaliation for engaging in a protected activity.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Norfolk Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, defendant Huntington Ingalls, Incorporated formerly Northrop Grumman Shipbuilding, Inc. ("Huntington Ingalls") a Virginia corporation with its principal place of business in the State of Virginia and City of Newport News, was doing business in the State of Virginia and the City of Norfolk, and has continuously had 15 or more employees.

5. At all relevant times, Defendant Quality Coatings of Virginia, Inc. ("Quality Coatings"), a Virginia corporation with its principal place of business in the State of Virginia and City of Chesapeake, was doing business in the state of Virginia and City of Norfolk. At all relevant times Quality Coatings has continuously had 15 or more employees.

6. At all relevant times, each Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Brian Glover and Walter Strickland each filed charges with the Commission alleging violations of Title VII by each Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Prior to May 1, 2009, Brian Glover and Walter Strickland were employed as cleaners by Defendant Quality Coatings, assigned to the *U.S.S. George H.W. Bush* (the "*Bush*") while it was located at the Naval Operations Base in Norfolk, Virginia. Defendant Huntington Ingalls was the shipbuilder of the *Bush*, and had contracted with Defendant Quality Coatings to perform certain services, including cleaning services on the ship. Defendant Huntington Ingalls exercised substantial authority over Glover and Strickland, and retained the authority to direct their removal from the ship. As set forth below, Huntington Ingalls directed the removal of Glover and Strickland from the ship because they engaged in an activity protected by Title VII, and thereby unlawfully interfered with their employment relationship with their direct employer. As also set forth below, Quality Coatings was aware that Huntington Ingalls directed the removal of Glover and Strickland from the ship because they engaged in an activity protected by Title VII. Thus, Quality Coatings removed Glover and Strickland from the ship and terminated their employment because they engaged in an activity protected by Title VII

9. On or about May 1, 2009, Defendants engaged in unlawful employment practices on the *Bush* while it was located at the Naval Operations Base in Norfolk, Virginia, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by discharging Brian Glover and

3

Walter Strickland from their cleaner positions because they opposed employment practices made unlawful by Title VII. Specifically, sometime prior to May 1, 2009, Glover witnessed his supervisor, a female who was the Quality Coatings Cleaning Supervisor (hereafter the "Supervisor"), attempt to knee a male co-worker in the groin. Glover was offended by the Supervisor's conduct. Glover discussed the Supervisor's conduct with the male co-worker who reported to Glover that the Supervisor had kneed him in the groin on at least two to three occasions and that he had tried to get her to stop. The male co-worker advised Glover that he did not report the incidents because he feared that he would lose his job.

10. On or around May 1, 2009, Glover advised a Huntington Ingalls General Foreman ("General Foreman 1") that the female Supervisor was kneeing her male subordinates in the "private parts." As a result of this report, General Foreman 1 advised Glover that the behavior Glover described was "sexual harassment" and that Glover would have to make a written statement regarding th conduct to another Huntington Ingalls General Foreman ("General Foreman 2"). Glover resisted giving such a statement because he was afraid doing so would result in him being fired. However, Glover was assured by both Huntington Ingalls foremen that he could not be discharged for providing the statement they sought. Moreover, Glover was directed to give the statement to Huntington Ingalls by the Quality Coatings Supervisor about whose conduct he was complaining. Thus, on the morning of May 1, 2009, Glover gave a statement to Huntington Ingalls' General Foreman 2 describing his female supervisor's conduct.

11. On the morning of May 1, 2009, General Foreman 2 also sought out other witnesses with knowledge of the Supervisor's conduct. In that regard, General Foreman 2 asked Walter Strickland whether he knew about the Supervisor's conduct that was in question. When Strickland responded affirmatively, General Foreman 2 took a written statement from both

Glover and Strickland. In their statements, Glover and Strickland both described how the Supervisor kneed her male subordinate workers in the groin.

12. On the morning of May 1, 2009, Huntington Ingalls turned over the statements it had obtained from Glover and Strickland to Quality Coatings' Project Manager. Shortly after this, Huntington Ingalls, through another manager, directed Quality Coatings' Project Manager to remove Glover and Strickland from the *Bush*, indicating that the two should not have given the statements. Huntington Ingalls' direction to remove Glover and Strickland from the *Bush* constituted unlawful, discriminatory interference with the employment relationship between Quality Coatings and its employees Glover and Strickland. The Quality Coatings' Project Manager then discharged Glover and Strickland, stating that he was doing so on the orders of Quality Coatings' President. Glover and Strickland were thereupon removed from the *Bush* and their employment with Quality Coatings was terminated as a direct result of having given statements describing sexually harassing conduct.

13. The effect of the practices complained of above has been to deprive Glover and Strickland of equal employment opportunities and otherwise adversely affect their status as employees because of their opposition to practices made unlawful under Title VII.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Glover and Strickland.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in

retaliation against employees because they have opposed employment practices or otherwise engaged in protected activity under Title VII.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose, or have opposed unlawful employment practices or otherwise engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Glover and Strickland whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendants to make Glover and Strickland whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendants to make Glover and Strickland whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendants to pay Glover and Strickland punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the __31__ day of August, 2011.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        TRACY HUDSON SPICER
        Supervisory Trial Attorney
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Suite 4NW02F
        Washington, D.C.  20507

        LYNETTE A. BARNES
        Regional Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, N.C.  28202

        /s Amy E. Garber
        AMY E. GARBER
        Senior Trial Attorney
        Virginia Bar No. 37336
        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        Norfolk Local Office
        200 Granby Street, Suite 729
        Norfolk, Virginia 23510
        Telephone:  (757) 441-3134
        Facsimile:   (757) 441-6720
        Amy.Garber@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**